UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS; | : : : : |
| Plaintiff, | : CIVIL ACTION NO. : 3:01 CV 00650 (JBA) : |
| v. | : : |
| WILBERT SHAW, | : : |
| Defendant. | : |

## STIPULATION OF JUDGMENT

WHEREAS, Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications ("Charter"), is licensed by the Connecticut Department of Public Utility Control to provide cable television service in various municipalities in Connecticut; and

WHEREAS, Charter has initiated litigation in the United States District Court for the District of Connecticut in the matter captioned <u>Charter Communications Entertainment I, LLC d/b/a Charter Communications v. Wilbert Shaw</u>, Civil Action No. 3:01 CV 00650 (JBA) (the "Litigation"), asserting that Wilbert Shaw ("Defendant") modified, altered or tampered with, or caused the modification, alteration or tampering with one cable converter issued to him by the Plaintiff in a manner intended for the surreptitious and unauthorized reception of cable services; and

WHEREAS, Charter and Defendant (collectively, the "Parties") have many reasons to settle the Litigation including: (a) one of Charter's central purposes in this litigation is to stop

the unauthorized use of its cable services as quickly as possible and (b) when that purpose can be accomplished expeditiously by agreement between the Parties, both Parties may avoid the time and expense which would otherwise be devoted to this Litigation; and

WHEREAS, as part of the settlement, Defendant wishes to pay the monetary consideration in installments; and

WHEREAS, Defendant acknowledges that should he fail to timely comply with the payment terms of this Stipulation of Judgment, Charter's pursuit of the Litigation would be delayed and would become more expensive; and

WHEREAS, in order to avoid the delay and expense which would result to Charter should Defendant fail to comply with the terms of the installment payments and in consideration for giving the privilege of paying the monetary consideration in installments, the Parties wish to stipulate to judgment;

Charter and Defendant stipulate and agree as follows:

1. That judgment shall enter in favor of Charter and against Defendant on Charter's complaint in the total principal amount of $10,000.00, plus attorneys' fees and costs, pursuant to 47 U.S.C. § 553.

2. That in lieu of full payment of the full judgment set forth in Paragraph 1 above, Defendant shall pay Charter in accordance with the terms and conditions of a Settlement Agreement by and between the Parties.

3. That upon complete compliance with the payment terms set forth in Paragraph 2 above, Charter, or its affiliates or assigns, shall file a Satisfaction of Judgment as against Defendant.

4. That Charter shall have the right to proceed against Defendant for the principal amount of $10,000.00, as well as attorneys' fees and costs pursuant to 47 U.S.C. § 553, plus interest from the date of any default under this Stipulation of Judgment and costs of collection

and attorneys' fees incurred from the date of any default under this Stipulation of Judgment, less any amounts paid under this Stipulation of Judgment, if Defendant shall fail to make any installment due under this Stipulation of Judgment by its due date.

5. That it is ORDERED, ADJUDGED AND DECREED that the Defendant is permanently enjoined and restrained from engaging in, assisting, aiding, abetting or otherwise promoting or supporting the unauthorized interception or reception of the cable television programming, service or signal of Charter, or of any affiliate thereof, and including without limitation, is hereby permanently enjoined and restrained from: connecting to, tapping into, attaching, splicing into, tampering with or in any way using cable wires of Charter or intercepting Charter's television system, or receiving or exhibiting Charter's cable television signal for purposes of obtaining any of Charter's programming services without Charter's express authorization and agreement; from purchasing, obtaining, installing, owning or possessing any components or parts with the intention of making any equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter without Charter's authorization; from attaching or connecting any such equipment to any property of Charter without Charter's express authorization and agreement; and from any further tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, Charter's systems without Charter's express authorization and agreement.

6. That it is ORDERED, ADJUDGED AND DECREED that jurisdiction is retained by this Court for the purpose of enabling any of the parties to apply to this Court at any time for the foregoing injunction, for the enforcement of compliance therewith, and for the punishment of any violations thereof, and that in the event of a violation of the foregoing injunction, as found by the Court after Notice and an opportunity to contest the allegations of a violation of the foregoing injunction, the statutory fines under 47 U.S.C. § 553

or § 605, in addition to attorneys' fees and costs, shall be applicable for each contemptuous violation thereof.

| PLAINTIFF – CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS | DEFENDANT – WILBERT SHAW |
|---|---|
| By_____<br>Burton B. Cohen – ct00273<br>Ryan M. Mihalic – ct24454 | By_____<br>Wilbert Shaw |

Murtha Cullina LLP
185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Fax: (860) 240-6150
E-Mail: bcohen@murthalaw.com
E-Mail: rmihalic@murthalaw.com
Its Attorneys

_____
U. S. District Judge
District of Connecticut

Dated this ____ day of _____, 2006.

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Stipulation of Judgment was mailed first-class, postage prepaid, on this 17th day of October, 2006 to:

Wilbert Shaw
5 Duncan Lane
New Milford, Connecticut  06776

                                        Ryan M. Mihalic